# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-46-FDW

| | |
|---|---|
| JOHNNIE D. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU POOLE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. § 1915(e)(2). Plaintiff has been granted in forma pauperis status. (Doc. No. 8).

## I.   BACKGROUND

Pro se Plaintiff Johnnie D. Allen, a North Carolina inmate incarcerated at Maury Correctional Institution in Maury, North Carolina, filed this action on February 22, 2018, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following three Defendants, identified as employees at Marion Correctional Institution at all relevant times: (1) FNU Poole, identified as a correctional officer at Marion; (2) Jeffery James, identified as a unit manager at Marion; and (3) FNU Schetter, identified as a correctional officer at Marion. Plaintiff alleges that on November 29, 2017, while Plaintiff was incarcerated at Marion, Defendant Poole sprayed Plaintiff with mace without provocation, injuring Plaintiff, and that Defendant James saw the incident and stood by and did nothing about it. Plaintiff alleges that Defendant Schetter then retaliated against Plaintiff by taking some of his

1

property from his cell and wrongly designating it as contraband. Plaintiff also alleges that Defendant James assisted Schetter in keeping Plaintiff's property. Plaintiff further alleges that Defendants James and Schetter violated Plaintiff's due process rights by ignoring the fact that Plaintiff had mental health issues during various disciplinary proceedings against Plaintiff. Although his allegations are not clear, it appears that Plaintiff is purporting to bring an excessive force claim against Defendant Poole, a failure to intervene claim against Defendant James, and a retaliation and due process claim against Defendants Schetter and James.[1] Plaintiff also purports to bring various state law claims against Defendants. Plaintiff seeks injunctive relief and compensatory damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to

---

[1] Plaintiff also makes allegations about other conduct by persons not named as Defendants, and about conduct that is not related to the excessive force incident.

ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, this action survives initial screening as to Plaintiff's claims against Defendants FNU Poole, Jeffery James, and FNU Schetter.

## IV.  CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants FNU Poole, Jeffery James, and FNU Schetter. See 28 U.S.C. §§ 1915(e); 1915A.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants FNU Poole, Jeffery James, and FNU Schetter, who are current or former employees of NCDPS.

3.

Signed: August 22, 2018

Frank D. Whitney
Chief United States District Judge

3